

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00053-CR

_____

CASSANDRA PROVENCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-0121; Honorable John J. McClendon III, Presiding

March 24, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pursuant to a plea bargain agreement, Appellant, Cassandra Provence, was convicted of burglary of a habitation[1] and sentenced to fifteen years confinement. The trial court's certification of Appellant's right of appeal reflects that this is a plea bargain

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(c)(2).

case from which Appellant has no right of appeal and that Appellant has waived the right of appeal. Notwithstanding the certification, Appellant filed a notice of appeal, pro se, challenging her conviction.

We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." By letter of February 25, 2022, we notified Appellant of the consequences of the trial court's certification and directed her to file a response demonstrating grounds for continuing the appeal by March 11. To date, Appellant has not filed a response or had any further communication with this court.

Accordingly, we dismiss the appeal based on the trial court's certification. *See* TEX. R. APP. P. 25.2(d).

Per Curiam

Do not publish.